IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>RAMON MONTAGUE,<br><br>        Petitioner,<br>   v.<br><br>MARCUS HARDY, Warden,<br>Stateville Correctional Center,<br><br>        Respondent. | No. 11 C 1552<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Petitioner Ramon Montague, an inmate incarcerated at the Stateville Correctional Center, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Marcus Hardy has filed a motion to dismiss the petition as time-barred. For the following reasons, the court grants respondent's motion to dismiss and declines to issue a certificate of appealability.

## BACKGROUND

After a jury trial in the Circuit Court of Cook County, petitioner was convicted of murder, attempted murder, and home invasion. The jury declined to impose the death penalty, and the court sentenced petitioner to a term of natural life imprisonment on the murder charge, 30 years to be served concurrently for attempted murder, and 30 years (also concurrent) for home invasion. The court arrived at that sentence based on its finding that the "murder was accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty," which under Illinois law allowed the court to impose a term of natural life imprisonment. Ill. Rev. Stat. Ch. 38, par. 1005-8-1(b).

Petitioner appealed, and the Illinois Appellate Court affirmed. Order, People v. Montague, No. 1-93-4252 (Ill. App. Ct. Apr. 25, 1989). Petitioner filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court, which was denied. Order, People v. Montague, No. 81504 (Ill. Oct. 5, 1989). Petitioner did not file a petition for a writ of certiorari.

Petitioner next filed a pro se postconviction petition under 725 Ill. Comp. Stat. 5/122-1, et seq., in the Circuit Court of Cook County. Finding that it was "patently without merit," the Circuit Court dismissed the petition. See Transcript at B-3, People v. Montague, 84 CR 4012 (Cook Cty. Cir. Ct. Sept. 30, 1993).

Petitioner appealed, arguing that the petition had "alleged sufficient facts demonstrating constitutional violations to warrant an evidentiary hearing," and the Illinois Appellate Court affirmed. Order at 1, People v. Montague, No. 1-93-4252 (Ill. App. Ct. Apr. 30, 1996). Petitioner filed a PLA, which the Illinois Supreme Court denied. Order, People v. Montague, No. 81504 (Ill. Oct. 2, 1996). Again, petitioner did not file a petition for a writ of certiorari to the United States Supreme Court.

In March 1997, petitioner filed a pro se petition for a writ of habeas corpus with this court. United States ex rel. Montague v. DeTella, No. 97 C 2033 (N.D. Ill. March 24, 1997). The next month, petitioner filed a successive pro se petition under case number 97 C 2872. United States ex rel. Montague v. DeTella, No. 97 C 2872 (N.D. Ill. Apr. 23, 1997).

The court then granted petitioner's motion to voluntarily dismiss the first petition without prejudice, Dkt. 15, United States ex rel. Montague v. DeTella, No. 97 C 2033 (N.D. Ill. June 27, 1997). The court granted petitioner's motion to incorporate his pro se petition in the second case into a counseled petition, Dkt. 9, United States ex rel. Montague v. DeTella, No. 97 C 2872

2

(N.D. Ill. Sept. 25, 1997), and granted petitioner leave to file an amended petition limited to the issue of ineffective assistance of counsel, Dkt. 17, United States ex rel. Montague v. DeTella, No. 97 C 2872 (N.D. Ill. Aug. 27, 1998). The court instructed the parties to conduct discovery on an ineffective assistance of counsel issue, after which time the court stated that it would set a schedule for petitioner to file an amended petition. Dkt. 17, United States ex rel. Montague v. DeTella, No. 97 C 2872 (N.D. Ill. Aug. 27, 1998).

Petitioner eventually filed that amended petition on April 14, 2000, but then requested additional time for investigation before filing another amended petition, which the court permitted. Dkts. 32–35, United States ex rel. Montague v. DeTella, No. 97 C 2872 (N.D. Ill. Apr. 14, 2000–May 30, 2000). In August 2000, petitioner filed another amended petition, which the court "treated as a motion to amend the petition by asserting a new claim," along with a "memorandum re: evidentiary hearing," which the court "treated as a motion to hold an evidentiary hearing." Dkt. 41, United States ex rel. Montague v. DeTella, No. 97 C 2872 (N.D. Ill. Aug. 23, 2000).

Respondent answered, and on November 16, 2000, this court dismissed the petition without prejudice. Dkt. 44, United States ex rel. Montague v. DeTella, No. 97 C 2872 (N.D. Ill. Nov. 16, 2000). The court explained that petitioner "asked to amend his habeas corpus petition to add a newly-available claim under the Supreme Court's recent decision in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000)," but had not exhausted his state court remedies on that claim. Id. The court granted petitioner's request to add that claim to his habeas petition, but then dismissed the petition without prejudice. Finally, the court provided that "[a]fter exhausting his state court

remedies, petitioner may request that this case be reinstated if such action would be warranted."
Id.

On November 27, 2000, respondent filed a motion for reconsideration, arguing that any new postconviction petition he filed in state court would be time-barred, and in any event, the state courts were unlikely to consider his Apprendi claim. (At the time, the Illinois Appellate Courts were split on whether Apprendi should be applied retroactively.) The court denied petitioner's motion, finding that "in the interest of comity," the state court, not this federal court, should be the first" to determine whether Apprendi was retroactively applicable to otherwise time-barred petitions. Dkt. 52, United States ex rel. Montague v. DeTella, No. 97 C 2872 (N.D. Ill. June 6, 2001).

While petitioner's reconsideration motion was pending in this court, he filed a second postconviction petition. Postconviction Petition, People v. Montague, No. 84 CR 4012 (Cook Cty. Cir. Ct. Jan. 2, 2001). Petitioner then filed a counseled postconviction petition and, a day later, a motion for postjudgment relief, which he later sought to consolidate. Postconviction Petition, People v. Montague, No. 84 CR 4012 (Cook Cty. Cir. Ct. Feb. 27, 2001); Motion for Postjudgment Relief, People v. Montague, No 84 CR 4012 (Cook Cty. Cir. Ct. Feb. 28, 2001); Motion to Consolidate, People v. Montague, No 84 CR 4012 (Cook Cty. Cir. Ct. Dec. 11, 2002). Petitioner subsequently filed a supplemental postconviction petition. Supplemental Postconviction Petition, People v. Montague, No. 84 CR 4012 (Cook Cty. Cir. Ct. July 11, 2003). The Circuit Court of Cook County dismissed all of these petitions, finding that Illinois law foreclosed petitioner's Apprendi claim. Transcript, People v. Montague, No. 84 CR 4012 (Cook Cty. Cir. Ct. Apr. 30, 2004).

Petitioner appealed, and the Illinois Appellate Court affirmed. Order, People v. Montague, No. 1-04-1394 (Ill. App. Ct. Apr. 21, 2006). Petitioner filed a PLA, which the Illinois Supreme Court denied. Order, People v. Montague, No. 102877 (Ill. Sept. 27, 2006). Petitioner then filed a petition for a writ of certiorari to the United States Supreme Court, which was denied. Order, Montague v. Illinois, No. 06-10171 (Apr. 30, 2007).

Over three years later, on September 8, 2010, petitioner moved for leave to file an original complaint for state habeas corpus relief in the Illinois Supreme Court, which that court denied. Order, Montague v. Illinois, No. 12621 (Ill. Nov. 23, 2010). [1]

The following March, petitioner filed the instant petition for a writ of habeas corpus, arguing that the sentencing court had violated Apprendi v. New Jersey, 530 U.S. 466 (2000), by imposing a natural life sentence absent a specific jury finding that the murder was committed with "exceptionally brutal and heinous behavior indicative of wanton cruelty."

## DISCUSSION

**I. Respondent's Motion to Dismiss Petitioner's § 2254 Petition**

Respondent has moved to dismiss with prejudice, arguing that the instant petition is time-barred because it was filed after the expiration of the one-year statute of limitations established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). Because petitioner did not file this petition by October 2, 1997, when AEDPA's one-year statute of limitations expired, his petition is now time-barred.

---

[1] Petitioner also reports that he filed a state habeas corpus petition on February 28, 2008, which he moved to withdraw on January 4, 2010, although it was not withdrawn. The record before the court does not, however, provide any indication of those events.

5

Petitioner's direct review became final on January 4, 1990, 90 days after the Illinois Supreme Court denied his PLA. See Anderson v. Litscher, 281 F.3d 672, 674-75 (7th Cir. 2002). Because petitioner's conviction became final before the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, petitioner's limitations clock did not begin to run until that date: April 24, 1996. Lindh v. Murphy, 96 F.3d 856, 865-66 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). But petitioner stopped the clock on that same day, by filing his first postconviction petition. AEDPA's limitations period remained tolled until October 2, 1996, when the Illinois Supreme Court denied petitioner's PLA from his first collateral proceedings. 28 U.S.C. § 2244(d)(2); Lawrence v. Florida, 549 U.S. 327, 332 (2007); Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008). Thereafter, petitioner had until October 2, 1997, to file his § 2254 petition. See Newell v. Hanks, 283 F.3d 827, 833 (7th Cir. 2002) (adopting "anniversary method" for calculating AEDPA's limitations period).

Petitioner's previous § 2254 petitions did not toll the limitations period. Duncan v. Walker, 538 U.S. 167, 181-82 (2001) ("[T]he filing of a petition for habeas corpus in federal court does not toll the statute of limitations."). Petitioner filed his first § 2254 petition on March 24, 1997, at which time the limitations period was still running. But that petition, which the court dismissed without prejudice, did not stop the clock. See Tucker, 538 F.3d at 733.

Petitioner filed his second § 2254 petition in August 2000, well after the limitations period had expired. Even if the limitations period had been running then, or if the petition's new claim had started a new limitations period, the filing of the petition did not toll it. Ultimately, the court dismissed that petition without prejudice and instructed petitioner to exhaust his newly-

6

added Apprendi claim in the Illinois courts. This court did not intend that instruction to mean that after petitioner exhausted that claim, he had leave to reinstate his second petition in that same case number (which would have stayed the earlier case and tolled the limitations period). In fact, petitioner did not seek to reinstate that petition.

Rather, petitioner filed the instant petition in the above-captioned case number (11 CV 1552). But by the time petitioner did so, almost five years had elapsed since he had concluded exhausting his Apprendi claim in state court. Even if the court were to construe its earlier dismissal as a dismissal with leave to reinstate, it would not save the instant petition, because this court is instructed to "place reasonable time limits on a petitioner's trip to state court and back" if it stays a habeas proceeding. Rhines v. Weber, 544 U.S. 269, 276 (2005). Five years is not a reasonable time period. See id. ("'[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed." (quoting Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001)).

None of the state-court proceedings petitioner initiated after October 2, 1997, rescue the instant petition from being untimely. After his first round of postconviction review concluded on October 2, 1996, petitioner filed nothing in state court until his second postconviction petition on January 2, 2001—three years and three months (1190 days) after AEDPA's limitations period had expired. Petitioner's second postconviction petition did not reset that limitations period, nor did his later-filed state habeas corpus petition. See DeJesus v. Acevedo, 567 F.3d 941, 942 (7th

7

Cir. 2009) (state collateral proceedings initiated after AEDPA's limitations period do not restart the one-year limitations period).

Regardless, Apprendi is not retroactively applicable to cases on collateral review. E.g., Curtis v. United States, 294 F.3d 841, 843 (7th Cir. 2002). Petitioner's direct review had been final for over ten years before Apprendi was decided. The instant petition therefore fails to advance a meritorious claim.

## II. Certificate of Appealability

A habeas petitioner is entitled to a certificate of appealability only if he has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Evans v. Circuit Court of Cook County, Ill., 569 F.3d 665, 667 (7th Cir. 2009). To make that showing, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the court has denied a habeas petition on procedural grounds without reaching the petition's underlying constitutional claims—as is the case here—a petitioner must also show that jurists could debate whether the court's procedural ruling was correct. Id. at 484-85.

Here, as explained above, petitioner's claim is time-barred. Petitioner has not shown, nor would he be able to show, that reasonable jurists could debate that this court should have resolved that question in a different manner. The court therefore declines to issue a certificate of appealability.

## CONCLUSION

Thus, for the reasons discussed above, the court grant's respondent's motion and dismisses with prejudice the petition for a writ of habeas corpus. The court declines to issue a certificate of appealability.


**ENTER:** November 28, 2011

_____
**Robert W. Gettleman
United States District Judge**